## McPHAIL v. MOSELY & CARSON.

1. After an issue upon the trial of the right of property, is made up, and submitted to a jury, it is not the imperative duty of the court to dismiss the suit, because it is proved that the *claimant is* a married woman. The claimant might have moved the court, to set aside the verdict and dismiss the claim, but if the verdict is permitted to stand, a judgment for costs follows *as an incident. Whether she could not be relieved from the* judgment for costs, by a writ of error *coram vobis, quere.*

2. When it is admitted in this court, that a writ of error is prosecuted by a *feme covert,* alone, and her counsel object to join her husband with her in the writ, it must be dismissed.

Writ of Error to the Circuit Court of Marengo. Before the Hon. G. Goldthwaite.

THE defendants having instituted suit against Hugh McPhail by attachment, which was levied on certain property, the property was regularly claimed by the plaintiff in error, and bond, &c. given to try the right.

Upon the trial of the right, as shown by a bill of exceptions, it was proved that the claimant was a married woman at the commencement of the suit, and at the time the claim bond was executed, and thereupon the attorney for claimant insisted that the claim should be dismissed; which the court refused, but submitted the cause to the jury, charging them, that if the property was subject to the attachment, they must find for the plaintiff, whether the claimant was, or was not a married woman, at the time of the commencement of the suit; to which the plaintiff excepted. Judgment was rendered against the claimant for costs.

BROOKS & BYRD, for plaintiff in error.

4. A *feme covert* can neither sue nor be sued alone; her separate legal existence is incorporated in that of her husband.

On its appearing to the court that the claimant was a married woman, the claim should have been discharged, and the cause dismissed. The cause should not, at all events, have been submitted to the jury, without the appointment of a *prochien ami*, or guardian *ad litem*, to defend her rights, for she could not appear by attorney.

2. No suit can be maintained by, or judgment rendered against a *feme covert* at law, unless conjointly with her husband : otherwise her separate legal existence is not incorporated in that of her husband. 2 Kent's Com. 154-5; Clancey on Hus. & Wife, 54; 1 Chitty's Pl. 66; Daniel's Ch. Pr. 189; Comyn's Dig., Pleading, 2 A 1; 3 Campbell, 123; 2 B. & P. 105; 2 T. Rep. 363; 1 Black. Com. 464.

J. W. Henley, contra.

1. The issue, and only issue in this cause is, whether the property levied on by the sheriff is, or is not liable to the satisfaction of the plaintiff's debt, and that issue is wholly independent of the character of the claimant. Whether she be *sole* or *covert* does not affect the liability of the property to the plaintiff's debt. Langdon & Co. v. Brumby, 7 Ala. Rep. 53. It is not her rights in the property that were tried, but the rights of the defendant in execution.

2. The claimant in this proceeding was herself an actor. She herself instituted the proceeding and brought it into court, and if it was improperly brought, she ought not to be permitted to make the complaint.

3. But it does not appear clearly, that the claim was improperly made in her name. She may have been a free dealer under our statutes. If she were so, the proceeding was entirely regular. If she was not a free dealer, the claimant ought to have excluded that idea clearly, by the bill of exceptions. It may be fairly inferred, that she was in fact a free dealer. She made the claim in her own name, executed her bond in her own name, and all that known to the sheriff, and permitted without apparent objection, raises a fair presumption that she may have been a free dealer.

4. Neither does it appear by the record, that the claimant was a married woman at the trial of the cause. The bill of exceptions only says, that she was married at the commence-

ment of the suit, and when the claim was signed. The judgment against her for costs was therefore regular.

COLLIER, C. J.—It must be conceded that a married woman has no right to interpose a claim to property levied on, and execute a bond for its successful prosecution according to the provisions of the statute. The capacity of the wife to initiate a proceeding at law in her own name, ceases immediately upon her marriage. Her legal existence, for most purposes, is merged in that of her husband, and she must act through him, unless it be in a matter in which her interest is vested in a trustee. The bond of a married woman is absolutely void, at least in a proceeding at law. These are mere truisms, which the defendants in error have not controverted, but the question is, can they be applied to the case at bar.

The issue submitted to the jury, was, whether the property seized was liable to the attachment, and upon the trial of this issue, the coverture of the claimant was not an appropriate inquiry. No suggestion was made previous to submitting the cause to the jury, of the claimant's disability, but the motion was made to dismiss after the trial was entered upon, and the fact of coverture was developed by the testimony. Conceding that the court might have withdrawn the case from the jury, and have ordered its dismissal, yet it was not an imperative duty thus to dispose of it, and take from the plaintiffs the benefit of a verdict. But after the jury had responded to the issue, it was competent for the claimants to have moved to set the verdict aside and dismiss the claim. No proceeding however was had, after verdict, to arrest the judgment, or prevent the claimant from being charged with the costs; and this court cannot undertake to say, from what irregularity transpired on the trial, that the circuit court committed an error in its final action. If the verdict was allowed to stand, the judgment followed as a legitimate consequence, and in the form in which it was rendered. The question of the claimant's coverture not having been regularly brought before the court below, the record shows no error which can be predicated of its existence.

In respect to the judgment for costs, which may perhaps

most materially affect the claimant's interest, we should think that she can hardly be remediless. What the remedy is, it is not for us to determine, but if there is no estoppel in the record, or a *feme covert*, is not concluded by an estoppel, it may be, that a writ of error *coram vobis* will lie; but upon this point, we do not even intimate an opinion. See Holford v. Alexander, 12 Ala. R. 280.

It is admitted by the counsel for both parties, that the plaintiff in error is now a *feme covert*. This being her condition, and the counsel objecting that her husband shall join with her as a plaintiff in this court, the writ of error in her own name alone, cannot be entertained, and is therefore dismissed.